Brotherhood of Railroad Trainmen et al., respondents,

v.

Hill Bus Company, a New Jersey corporation, appellant.

[Argued October term, 1946.   Decided February 3d, 1947.]

Messrs. *Messano & Messano* (Mr. *Louis J. Messano* and Mr. *Wallace P. Berkowitz*), for the appellant.

Messrs. *Isserman, Isserman & Kapelsohn* (Mr. *Sol D. Kapelsohn*), for the respondents.

Mr. *George M. Eichler, amicus curiæ.*

The opinion of the court was delivered by

Bodine, J.

The appeal is from a final decree directing the appellant, Hill Bus Company, to immediately reinstate Ralph Suter to the position of operator and bus driver heretofore held by him and restore him to all of the rights, privileges and benefits connected with the position, and expunge from its records any notation of discharge or discipline against him by reason

of alleged misconduct claimed to have occurred on November 24th, 1942.

Secondly, there was an award of counsel fee of $3,500 for the complainants. Neither party is satisfied with this award. The respondent cross-appellant thinks it should be increased to $15,000. We think that the award was too high. Counsel fees in large amounts have never been favored in this court, and at the outset we are of the opinion that $1,000 conforms to the prevailing practice. Counsel are entitled to just compensation but primarily from their own clients, except in special circumstances, which do not appear in this case.

Coming to the meritorious question, the suit was brought to compel the reinstatement of Suter. The right of action, if any, is grounded in a collective bargaining agreement of December 19th, 1942, which, for reasons not important to recite, was made effective as of September 15th, 1942.

The pertinent clauses of the contract are as follows:

"Operators will not be suspended or dismissed without a fair and impartial investigation.

"Complaints, including those of employees of the employer against operators must be in writing, signed by the complainant with his or her address, and the complainant, if in the employ of the employer, shall be present at any hearing held with respect to any such complaint."

The manager of the Bus Company notified Suter and the local members of the grievance committee of the local union on November 27th, 1942, that Suter was accused of failing to report fares and that a hearing would be had the next day. The matter was not determined on that day; but on December 1st, 1942, Suter, by arrangement, appeared before the manager of the Bus Company accompanied by three members of the grievance committee and counsel. It was then announced that Suter was discharged. The basis for the charge against him was that a spotter had reported to the manager of the Bus Company that Suter had failed to report fares. The spotter was not present.

It seems to us that the contract calls for a complaint in writing, with the address of the complainant, when made by a stranger, and if a complaint is made by an employee of the

employer, then the employee shall be present at any hearing held with respect to the complaint.

· The appellant urged in the court below, and in this court, that the reason it did not produce the spotter was that it employed a company to spot its employees for honesty and that, therefore, it had no control over the spotter employed. This argument is specious. The employee was discharged without being confronted by the person making the complaint against him and without opportunity to cross-examine his accuser, and, as we think, in violation of the collective bargaining agreement. The report, the basis of the charge, may or may not have been produced at the hearing when Suter was discharged, but the report is too attenuated to have been informative, and besides the agreement requires that if an employee of the employer is making the charge that he shall be present at the hearing.

Certainly, the employer's employees were not confined to those only on its payroll, and the contention that it was not able to produce the spotter who spotted the fare irregularities · was a mere fiction. The contract calls for no such limited construction. Collective bargaining agreements are intended to secure fair dealings between the parties. A construction that if the employer employed X the employee has certain rights but such rights fade if the employer employs the X company who employs X is archaic.

We are not impressed with the argument that the spotter's usefulness would be impaired if he was present at the hearing. The time and place of the hearing were within the employer's control. Few of its other employees need observe who made the complaint.

We have in this case a brief filed in behalf of the New Jersey Motor Bus Association, Inc., as *amicus curiæ,* the principal contention being that the Court of Chancery was without jurisdiction. Without entering into a long discussion of the matter, we think it obvious that on the facts proved the Court of Chancery did have jurisdiction. The union, having made a collective bargaining agreement, has an interest in a proper case in securing performance of its contract. The employee entitled to a fair discharge, after a proper hearing,

is entitled, if there be no such hearing, to a restoration to his position with his priority rights restored. Such right is well within equity jurisdiction.

The decree below will be affirmed, except so far forth as we have indicated.

*For affirmance*—PARKER, BODINE, DONGES, COLIE, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 11.

*For reversal*—THE CHIEF-JUSTICE, HEHER, PERSKIE, WACHENFELD, JJ. 4.